UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV217-3-V
(3:01CR36-7-V)

| | |
|---|---|
| IAN ANDRE PERSAUD,                ) | |
| )| |
| Petitioner,                ) | |
| ) | |
| v.                ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA,                ) | |
| ) | |
| Respondent.                ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255 (Document No. 2), Respondent's Motion to Dismiss (Document No. 4) and Petitioner's "Affidavit in Support of Evidentiary Hearing" (Document No. 8.)

### I.    FACTUAL AND PROCEDURAL BACKGROUND

According to the record of this matter, on March 13, 2001 Petitioner was indicted on the charges of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 and 851. The Government proffered a plea agreement to Petitioner through his attorney by letter dated October 4, 2001. Included with the letter and the plea agreement were a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. §§ 841, 851, and a Non-Attribution Agreement. (Plea Agreement, attached to Govt's Motion to Dismiss as Ex. A.) Petitioner did not accept the proposed plea agreement and proceeded to trial. Trial began on September 16, 2002 and the jury returned a verdict of guilty. Petitioner was sentenced to life imprisonment on January 12, 2003.

Petitioner's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals in an unpublished decision on February 17, 2004, and his writ of certiorari was denied by the United States Supreme Court on June 23, 2004.

On May 5, 2005, Petitioner filed the instant Motion to Vacate setting forth eight claims for the Court's review. Of the eight claims, the Court dismissed six claims on initial review and directed the United States Attorney's Office to respond to the remaining two claims of ineffective assistance of counsel. Specifically, Petitioner contends that his counsel was ineffective for failing to allow him to testify and for failing to pursue a plea agreement on his behalf.

## II.  ANALYSIS

### Petitioner Has Failed to State a Claim for Ineffective Assistance of Counsel

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields 956 F.2d at 1297. If petitioner fails to meet this burden, a "reviewing court need not consider the performance prong. Id. at 1290.

**1. Right to Testify**

First, Petitioner claims that his trial counsel erred by not allowing him to testify. Petitioner contends that he had a right "to take the stand," and that such right "is fundamental and may only be waived by the defendant himself." (Motion to Vacate at 22.) The record shows that Petitioner did, in fact, waive his right to testify.

At the conclusion of the Government's evidence, the record shows that the Court addressed Petitioner relative to testifying on his own behalf. According to the record, the following dialogue occurred between the Court and the Petitioner:

> THE COURT: Mr. Persaud, do you understand that you have a constitutional right to testify in this case if you so desire?
> DEFENDANT: Yes, Your Honor.
> THE COURT: I have been advised by Mr. Rudolf that you have decided not to testify; is that correct?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Have you discussed with Mr. Rudolf the - both the advantages and disadvantages of your taking the witness stand on your own behalf?
> MR. RUDOLF: Probably more with Mr. Fialko.
> THE COURT: And more with Mr. Fialko.
> DEFENDANT: Yes, Your Honor.
> THE COURT: Are you satisfied - well, has anyone forced you in any way or threatened you in any way that causes you to reach that decision?
> DEFENDANT: No, Your Honor.
> THE COURT: Are you satisfied your decision not to testify is a voluntary and an understanding decision on your part?
> DEFENDANT: Yes, Your Honor.
> THE COURT: I do understand that a witness will be called to testify in connection with your defense. Do you understand that?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Have you discussed that also with Mr. Fialko and Mr. Rudolf?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Are you satisfied with the decision?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Again, has anyone forced you in any way or threatened you in any way that causes you to concur with that decision?
> DEFENDANT: No, Your Honor.

| | |
|---|---|
| THE COURT: | And are you satisfied that decision is also voluntary and understanding decision on your part? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | All right. You may be seated. |

(Trial Transcript, Sept. 20, 2002 at 1167-69.)

As the Supreme Court has recognized, ""[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Based on Petitioner's responses to the Court's questions concerning Petitioner's right to testify, Petitioner's claim that his counsel was ineffective for not allowing him to testify is clearly without merit. Petitioner has failed to satisfy either prong of the Strickland test and therefore his ineffective assistance of counsel claim must be denied.

**2. Right to a Plea Agreement**

Next, Petitioner contends that his counsel was ineffective "because trial counsel failed to pursue [a] 15 year plea agreement." (Motion to Vacate at 25.) Petitioner bases his argument on the erroneous assumption that he is entitled to a plea bargain from the Government.

While the Supreme Court has approved plea bargaining, finding it to be "an essential component" of the criminal process, see Santobello v. New York, 404 U.S. 257, 260 (1971), "[t]here is no constitutional right to a plea bargain." Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977). Further, a prosecutor is under no legal obligation to consider or negotiate a plea with a defendant. Rather the decision to offer a plea bargain or proceed to trial is a matter of prosecutorial discretion. Id. at 561.

In the instant case, while the Government was under no obligation to do so, a plea agreement was offered to Petitioner and Petitioner chose not to accept the proferred agreement. Petitioner has not established either prong of the Strickland test and therefore his ineffective assistance of counsel claim must be denied.

### III. ORDER

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED and DISMISSED**, and the Government's Motion to Dismiss is **GRANTED** (Document No. 4.)

**SO ORDERED.**

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge